UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEREMY L. SCHLOSS, et al., | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   11-CV-3337 |
| | ) |
| FOREST ASHBY, et al., | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs are detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. They have filed an amended complaint pursuant to the Court's order. That order dismissed their original Complaint for failure to state a claim, but allowed them to file an amended complaint providing more detail on their allegations regarding lack of rehabilitative treatment. The Court wrote:

> The Court does see the possibility of one constitutional claim that might proceed if properly pled: a due process claim based on the alleged lack of rehabilitative treatment. However, it is not clear whether Plaintiffs are alleging that they are being denied participation in sex offender treatment because of the long waiting list. At one point in the complaint, Plaintiffs

1

seem to allege that they have not consented to such treatment. Additionally, what treatment each has sought or what the official response has been is not clear from the pleading. Also not clear is what control the named defendants may have over a resident's treatment.

Plaintiffs will be given an opportunity to file an amended complaint detailing the rehabilitative treatment claim. Specifically, each Plaintiff must state that he is eligible for sex offender treatment, has consented to that treatment, and has been denied that treatment. Each Plaintiff must also state what sex offender tre[atment], any, his attempts to obtain that treatment, and the responses he received, if any.

(10/11/11 Court Order, d/e 4).

Plaintiffs Amended Complaint is still too vague to discern a plausible claim for a systemic lack of treatment for their mental disorders. Plaintiffs assail generally the lack of a "therapeutic environment," alleging too little, if any, contact with therapists and a long waiting list for treatment. However, they do not state that they have each requested and consented to participate in the treatment that is being offered. Instead, they appear to challenge the kind of treatment offered, not the total absence of treatment. For example, they contend that the therapy offered incorrectly focuses on their past criminal activity, rather than on

their current behavior.  (Am. Compl. ¶ 17, d/e 48.)  Therapists should be focusing on Plaintiffs' "real time" activities, according to Plaintiffs, which the Court understands to mean Plaintiffs' behavior inside the facility. Each of them has filed an affidavit stating, "I have not been contacted by my therapist for the purpose of checking on my efforts to live with the rules of the facility, to check my personal conduct, hygiene, room conditions, or for any other treatment related issues . . . ."  (Pls.' Affs., attached to Amended Complaint, d/e 48).  Plaintiffs also seek restoration of the alleged original version of the "responsible living system" program, which awarded privileges for responsible behavior by residents.

     Plaintiffs are constitutionally entitled to adequate treatment for their serious mental disorders, but they are not entitled to the treatment of their choice or the best treatment available.  The due process clause requires that treatment decisions be based on the exercise of professional judgment.  *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals about mental health facility's operations afforded deference and violate the Constitution only if

professional judgment not exercised); Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008)("A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if 'the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'")(quoted cite omitted).

The facts alleged suggest no plausible claim that a systemic mental health treatment approach chosen by Defendants is a substantial departure from accepted professional standards. Accordingly, Plaintiffs will be denied leave to proceed in forma pauperis. The dismissal of this case does not necessarily preclude an individual Plaintiff from pursuing an individual claim in a separate lawsuit. For example, a Plaintiff might have a claim if he consents to the treatment available and is refused for constitutionally infirm reasons.

IT IS THEREFORE ORDERED:

1. Plaintiffs' petitions to proceed in forma pauperis are denied

because they fail to state a federal claim for relief.  (d/e 2).  All pending motions are denied as moot (d/e 53), and this case is closed.  The clerk is directed to enter judgment pursuant to Fed. R. Civ. P.. 58.

2. If Plaintiffs wish to appeal this dismissal, they must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiffs plan to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED:  August 10, 2012

FOR THE COURT:

                                            s/Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE